Laurel L. Simes, Esq. (SBN: 134637)
David M. Grimes, Esq. (SBN: 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Tel: (415) 426-3000
Fax: (415) 426-3001
Email: Llsimes@levinsimes.com
Sbokaie@levinsimes.com
*Attorney for Plaintiff WILLIAM A. LEVIN*

B. Otis Felder (SBN: 177628)
Otis.Felder@wilsonelser.com
Gershom Koomson (SBN: 351349)
Gershom.Koomson@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 S. Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:213-330-8844
Facsimile: (213) 443-5101
*Attorneys for Defendant PIECE OF CAKE MOVING AND STORAGE LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. LEVIN, an individual, | Case No. 4:26−CV−00530-YGR |
| Plaintiff, | Hon. Yvonne Gonzalez Rogers |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| PIECE OF CAKE MOVING AND STORAGE LLC, and DOES 1 through 25, inclusive, | **Initial Case Management Conference Date: May 11, 2026** |
| Defendants. | |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1.    **JURISDICTION & SERVICE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Plaintiff asserts a claim under the Carmack Amendment to the Interstate Commerce Act,

49 U.S.C. § 14706, which provides a federal cause of action for the loss of or damage to property during interstate transportation by a common carrier. Plaintiff further alleges diversity jurisdiction under 28 U.S.C. § 1332.

Defendant does not contest personal jurisdiction or venue in this District. All named parties have been served. There are no outstanding service issues.

## 2.    FACTS

Plaintiff, William A. Levin alleges that he entered into a contract with Defendant, Piece of Cake Moving and Storage LLC for the interstate shipment of personal property, including household goods and personal effects from his deceased mother's residence, from New York to California. During transit through Iowa, Defendant's truck reportedly caught fire, resulting in the total destruction of Plaintiff's goods. Plaintiff claims the value of his lost property to exceed $35,000. Plaintiff filed this action in the Marin County Superior Court on November 25, 2025, and the case was subsequently removed to this Court.

**Principal Factual Issues in Dispute:** (1) the circumstances and cause of the fire; (2) whether Defendant's personnel acted negligently in connection with the transportation of Plaintiff's property; (3) the nature, extent, and value of Plaintiff's alleged losses; and (4) whether a bill of lading or other shipping contract was issued, and if so, its terms — including any declared value, released value rate, or contractual liability limitation.

**Defendant's Position:** Defendant denies liability for the fire and resulting loss. Defendant contends that the Carmack Amendment, 49 U.S.C. § 14706, provides Plaintiff's exclusive federal remedy and preempts all state law claims asserted in Counts 2 through 5 of the Complaint. Defendant further contends that any recoverable damages are limited to actual loss as defined under the Carmack Amendment, and may be further limited by the terms of the applicable bill of lading or shipping agreement, including any released value or declared value provisions. Defendant's Motion to Dismiss Counts 2 through 5 pursuant to Fed. R. Civ. P. 12(b)(6) is currently pending before this Court.

**Plaintiff's Position:** Plaintiff contends that Defendant accepted Plaintiff's household goods and personal effects for interstate shipment from New York to California and failed to deliver them

because Defendant's truck caught fire during transit, resulting in a total loss. Plaintiff disputes Defendant's contention that its liability is limited by any bill of lading, released value provision, or contractual limitation unless Defendant can establish that a valid limitation was issued, agreed to, and enforceable under the Carmack Amendment. Plaintiff further contends that discovery is necessary regarding the circumstances of the fire, Defendant's maintenance and safety practices, the driver's conduct, the applicable shipping documents, and the value of the destroyed property. Plaintiff further contends that the provisions of the contract are ineffective to preclude claims of gross negligence, intentional damage, or fraud.

## 3.    LEGAL ISSUES

The principal disputed points of law include the following:

(1) Whether Plaintiff's state law claims for Breach of Contract, Negligence, Conversion, and Breach of Bailment (Counts 2–5) are preempted in their entirety by the Carmack Amendment, 49 U.S.C. § 14706, which provides the exclusive cause of action for loss or damage to goods arising from interstate transportation and supersedes all state and common law remedies — whether they contradict or merely supplement Carmack's remedial scheme. See *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913); *White v. Mayflower Transit*, LLC, 543 F.3d 581, 584 (9th Cir. 2008).

(2) Whether Defendant was acting as a "motor carrier" within the meaning of the Carmack Amendment at all relevant times.

(3) Whether a valid bill of lading or receipt was issued for Plaintiff's shipment, and if so, its terms — including any provisions governing declared value, released rates, or contractual caps on carrier liability.

(4) Whether Defendant's liability, if any, is contractually limited pursuant to the bill of lading or shipping agreement, including whether Plaintiff was given a meaningful choice of rates tied to declared value such that a released value limitation is enforceable.

(5) Whether Plaintiff's recoverable damages are capped at "actual loss or injury to the property" under 49 U.S.C. § 14706(a)(1), and whether consequential, punitive, or other non-compensatory damages are available under the Carmack Amendment.

(6) Whether Plaintiff can establish causation and damages sufficient to sustain his Carmack

Amendment claim.

(7) Whether Plaintiff failed to mitigate his damages.

**4.    MOTIONS**

**Pending Motions:** On January 30, 2026, Defendant filed a Motion to Dismiss Counts 2 through 5 of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Carmack Amendment preempts all state law claims arising from the alleged loss or damage to property during interstate transit. This Court took the motion off calendar, initially set for hearing on March 12, 2026, pending completion of court-sponsored mediation.

Plaintiff opposes Defendant's Motion to Dismiss. Plaintiff contends that dismissal is premature before the operative shipping documents, Defendant's role, and the circumstances of the shipment and loss have been developed through discovery. Plaintiff further contends that, to the extent the Court finds any claim insufficiently pleaded or preempted, Plaintiff should be granted leave to amend. Plaintiff does not agree that Defendant's pending Rule 12 motion should stay discovery or otherwise delay the case schedule. If the Court maintains the motion off calendar in a manner that affects the proposed dates, the parties may need to revisit the schedule.

**Anticipated Motions:** Defendant anticipates filing a Motion for Summary Judgment following the close of discovery on the grounds that: (1) Plaintiff's exclusive remedy is under the Carmack Amendment; (2) Defendant did not breach any duty of care; and/or (3) Plaintiff's damages are limited by contract. Plaintiff anticipates filing an opposition to any motion for summary judgment.

**5.    AMENDMENT OF PLEADINGS**

Defendant does not anticipate amending its pleadings. The parties propose a deadline of July 1, 2026, for any amendment of pleadings.

**6.    EVIDENCE PRESERVATION**

The parties certify that they, by and through their counsel of record, have reviewed the ESI Guidelines. The parties reserve the right to bring this issue to the magistrate, should this become an issue in the future.

**7.    DISCLOSURES**

**JOINT CASE MANAGEMENT CONFERENCE**

The parties have discussed their initial disclosure obligations under Fed. R. Civ. P. 26(a)(1). The parties expect to exchange initial disclosures on or before June 15, 2026.

**8.   DISCOVERY**

**Discovery Taken to Date:** No formal discovery has been taken to date.

**Scope of Anticipated Discovery:** The parties anticipate conducting discovery with respect to: (1) the terms and circumstances of the parties' shipping contract; (2) the cause and origin of the fire incident; (3) Defendant's vehicle maintenance records and driver logs; (4) the bill of lading and any limitation of liability provisions; (5) the nature, extent, and value of Plaintiff's claimed losses; (6) Plaintiff's prior condition and ownership of the shipped property; and (7) applicable insurance coverage.

The parties agree that discovery need not be conducted in phases. Defendant may seek a protective order if confidential or proprietary business information is requested. The parties will meet and confer regarding the entry of a stipulated protective order and, if warranted, a stipulated ESI order.

**Proposed Discovery Plan:**

- **Initial Disclosures: 6/15/2026**
- **Written Discovery Completion: 8/25/2026**
- **Non-Expert Discovery Cut-off:  9/3/2026**
- **Expert Witness Disclosures: 9/3/2026**
- **Rebuttal Expert Disclosures: 9/30/2026**
- **Expert Discovery Cut-off: 10/15/2026**

There are no known discovery disputes at this time.

**9.   CLASS ACTIONS**

Not applicable.

**10.   RELATED CASES**

Plaintiff filed this lawsuit in the Superior Court of California, Marin County. Case number is CV0008335. Notice of removal was filed with the state court on January 27, 2026

**11.   RELIEF**

Plaintiff's Position: Plaintiff seeks recovery for the loss or destruction of his personal

property during interstate transport, estimated to exceed $35,000, plus pre-judgment interest, costs of suit, and attorneys' fees to the extent permitted by the Carmack Amendment and applicable law.

Defendant's Position: Defendant requests judgment in its favor, and such other relief as the Court deems just and proper. To the extent any liability is established, Defendant contends that its liability is limited to the actual loss or injury to the property as provided under the Carmack Amendment, 49 U.S.C. § 14706(a)(1), and any applicable further contractual limitation of liability. Defendant further contends that Plaintiff is not entitled to state law-based damages, consequential damages, punitive damages, or any remedy beyond those available under the Carmack Amendment.

**12.   SETTLEMENT AND ADR**

The parties have agreed to participate in court-sponsored mediation under Local Rule 6 of the Northern District of California.

**13.   OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration, appointment of a special master, or referral to the Judicial Panel on Multidistrict Litigation. This matter is a discrete interstate shipping dispute governed by federal statute.

**14.   NARROWING OF ISSUES**

The parties have jointly identified the following as the most consequential issues to the resolution of this case:

**(1) Carmack Amendment Preemption.** Whether the Carmack Amendment preempts Plaintiff's state law claims. This issue is currently before the Court on Defendant's pending Motion to Dismiss. Resolution will determine the scope of surviving claims and the applicable legal framework for liability and damages.

**(2) Causation.** Whether any act or omission by Defendant caused or contributed to the fire and the resulting total loss of Plaintiff's property.

**(3) Limitation of Liability.** Whether any contractual limitation of liability in the bill of lading or shipping agreement limits Plaintiff's recovery under the Carmack Amendment, and if so, to what amount.

The parties agree that there are still issues of liability, causation, and damages that need to be explored. Defendant anticipates that resolution of the pending Motion to Dismiss will substantially narrow the remaining issues and streamline the litigation. Plaintiff does not agree that discovery should be delayed while the Motion to Dismiss remains off calendar.

## 15.    SCHEDULING

The parties propose the following schedule, subject to the Court's approval and the outcome of Defendant's pending Motion to Dismiss:

- **Amendment of Pleadings Deadline: 7/1/2026**
- **Initial Disclosures: 6/15/2026**
- **Non-Expert Discovery Cut-off: 9/3/2026**
- **Expert Witness Disclosures: 9/3/2026**
- **Rebuttal Expert Disclosures: 9/30/2026**
- **Expert Discovery Cut-off: 10/15/2026**
- **Dispositive Motion Hearing Deadline: 11/30/2026**
- **Pretrial Conference: 01/17/2027**
- **Trial Date: 01/28/2027**

## 16.    TRIAL

Plaintiff has demanded a jury trial. The parties currently estimate that trial will require approximately 3 to 5 court days. Defendant's witness list will be disclosed in due course.

## 17.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Defendant's Disclosure:** Pursuant to Civil Local Rule 3-15, Defendant Piece of Cake Moving and Storage LLC has filed its Certification of Conflicts and Interested Entities or Persons with its removal papers.

**Plaintiff's Disclosure:** Plaintiff has filed or will file the Certification of Interested Entities or Persons required by Civil Local Rule 3-15. Plaintiff is not aware of any non-party interested entity or person other than those already disclosed.

**JOINT CASE MANAGEMENT CONFERENCE**

18.   **PROFESSIONAL CONDUCT**

The parties' counsels of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19.   **OTHER**

None at this time.

Dated: May 4, 2026

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: /s/ Gershom Koomson
    B. Otis Felder, Esq.
    Gershom Koomson, Esq.
    Attorneys for Defendant,
    Piece of Cake Moving and Storage LLC

Dated: May 4, 2026

**LEVIN SIMES LLP**

By: */s/ David M. Grimes*
    Laurel Lisa Simes, Esq.
    David M. Grimes, Esq.
    Samira Bokaie, Esq.
    *Attorneys for Plaintiff William A. Levin*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: March 26, 2026

By: */s/ David M. Grimes*
David M. Grimes

**JOINT CASE MANAGEMENT CONFERENCE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.


By: */s/ David M. Grimes*
David M. Grimes

**JOINT CASE MANAGEMENT CONFERENCE**